John Patrick **BURCK,**
et al., Appellants,

v.

Benjamin Paul **PEDERSON,**
et al., Respondents,

**Edna Pernella Peterson, Respondent.**

No. A04–2230.

Court of Appeals of Minnesota.

Oct. 11, 2005.

Michael A. Zimmer, Kafi C. Linville, Tewksbury, Kerfeld, Zimmer, Minneapolis, MN, for appellants.

Douglas D. McGhee, Arthur Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN, for respondents Pederson.

Diane B. Bratvold, Jan M. Gunderson, Rider Bennett, LLP, Minneapolis, MN, for respondent Peterson.

Considered and decided by KALITOWSKI, Presiding Judge; SHUMAKER, Judge; and FORSBERG, Judge.*

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant John Patrick Burck alleges that he was injured through contact with his own seatbelt in a motor-vehicle accident involving cars driven by respondents Benjamin Pederson and Edna Peterson. The district court granted respondents' motion in limine to preclude the introduction of evidence relating to appellant's use of his seatbelt under Minn.Stat. § 169.685, subd.4(a) (2004), the "seatbelt gag rule." Because the court's ruling was legally dis-

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

positive of the case, the court ordered summary judgment in favor of respondents. Contending that the district court's interpretation of Minn.Stat. § 169.685, subd. 4(a), was in error and produced an absurd result, appellants challenge the summary judgment on appeal. We affirm.

## FACTS

Appellant John Patrick Burck and respondents Benjamin Pederson and Edna Peterson were driving separate cars. Peterson was in the lane adjacent to Burck, and Pederson was directly behind Burck. Peterson moved her car into Burck's lane in such a manner as to cause Burck to apply his brakes hard to avoid colliding with her. Pederson struck Burck from behind.

Burck was wearing a seatbelt. The impact of the collision caused his seat to break and collapse backward. He sustained various injuries that were treated after the accident.

About five months later, Burck began to experience abdominal pain. Ultimately, his surgeon diagnosed the problem as an abdominal hematoma, which the surgeon removed. The surgeon's opinion was that the hematoma was caused by contact with the seatbelt in the accident with the respondents. Burck sued the respondents.

The respondents moved in limine to preclude evidence of Burck's use of his seatbelt in the accident. Burck acknowledged that, without the surgeon's opinion as to the cause of the hematoma, he would have no evidence that the accident caused his abdominal injury and that, "in essence, the issue was dispositive."

Minn. Const. art. VI, § 10.

The district court granted the respondents' motion, treated the matter as a summary-judgment proceeding, and ordered entry of summary judgment dismissing the case. The appellants challenge that dismissal on appeal.

## ISSUE

Appellant motor-vehicle driver was wearing his seatbelt during a multiple vehicle collision. His physician would testify that contact with the seatbelt in the collision caused injury to appellant's abdomen. Minn.Stat. § 169.685, subd. 4(a) (2004), prohibits the introduction into evidence of the fact of the use or nonuse of a seatbelt in a motor-vehicle accident.

Did the district court err by ruling that appellant is prohibited from presenting at trial his physician's opinion as to the cause of his abdominal injury?

## ANALYSIS

■■ Minn.Stat. § 169.685, subd. 4(a) (2004), provides that "proof of the use or failure to use seat belts ... shall not be admissible in evidence in any litigation involving personal injuries or property damage resulting from the use or operation of any motor vehicle."

In this personal-injury action arising from a motor-vehicle accident in which appellant John Patrick Burck alleges that he was injured through forceful contact with his seatbelt, the district court applied Minn.Stat. § 169.685, subd. 4(a), the so-called "seatbelt gag rule," so as to preclude Burck from introducing at trial evidence that his seatbelt caused one of his injuries.

■■ With the parties' agreement, the district court treated this matter as a summary-judgment motion. On appeal from summary judgment, the interpretation of a statute is a question of law that we review de novo. *Marsden v. Crawford,* 589 N.W.2d 804, 806 (Minn.App.1999), *review denied* (Minn. May 18, 1999). When interpreting a statute, our function is to ascertain and effectuate the legislature's intention. Minn.Stat. § 645.16 (2004). "If a statute is free from ambiguity, we will examine only the plain language." *Marsden,* 589 N.W.2d at 806. However, when the statute's literal meaning leads to an absurd result that utterly departs from the legislature's purpose, we may look beyond the language and examine other indicia of legislative intent. *Anker v. Little,* 541 N.W.2d 333, 336 (Minn.App.1995), *review denied* (Minn. Feb. 9, 1996). But, if the "statute's unambiguous language merely produces a troubling result, we must apply it without reference to its drafting history." *Id.*

The appellants contend that the district court's application of the statute violated the legislature's intent and produced an unreasonable, absurd result. They argue that the seatbelt gag rule was created (1) to avoid the harsh result of contributory negligence as an absolute bar to recovery; (2) to shield automobile manufacturers from lawsuits; (3) to protect plaintiffs from comparative-negligence claims based on their failure to use seatbelts; and (4) to remove the issue of a plaintiff's failure to use a seatbelt from the jury.

The appellants cite *Olson v. Ford Motor Co.,* 558 N.W.2d 491 (Minn.1997), for the second and third propositions noted above. In *Olson,* the appellant argued that the truck he was driving was not "crashworthy" because of its defective seatbelt restraint system. *Id.* at 493. He argued that the seatbelt gag rule was not intended to apply to a crashworthiness issue and that to hold that it was so intended would result in an absurdity. *Id.* at 493–94. The supreme court rejected both contentions. *Id.* at 497. The court noted that the seat-

belt gag rule was written expressly to bar proof of the use or nonuse of a seatbelt in *any* litigation arising out of the use or operation of a motor vehicle. *Id.* at 494. Nothing in the plain language of the law allowed the court to read into the statute an exception for a crashworthiness issue. So, the court held: "Absent some other justification allowing us to consider legislative intent, *we need look no further than the express language of the statute." Id.* at 494 (emphasis added).

As to the "absurdity" argument, the supreme court noted that "it simply is not clear that the legislature intended to benefit motorists alone in enacting the seat belt gag rule ..." and reiterated that the express, plain language of the statute bars seatbelt evidence. *Id.* at 495–96.

The appellants cite *Lind v. Slowinski,* 450 N.W.2d 353 (Minn.App.1990), *review denied* (Minn. Feb. 21, 1990), in support of their fourth contention. In that case, a motor-vehicle passenger was sitting on another passenger's lap and was injured when the car hit a parked car. *Id.* at 358. The district court barred an expert witness from testifying that the injured passenger's injuries were caused or exacerbated by her seating position. The district court held that there was no foundation for that opinion and that the statement of the opinion would result in the disclosure that the injured passenger was not wearing a seatbelt, evidence prohibited by the seatbelt gag rule. *Id.* In affirming, this court, without analysis, stated: "The specific intent of the legislature was to remove from jury consideration the use or nonuse of seat belts." *Id.* at 359. Because the district court here effectuated the legislative intent suggested in *Lind,* we fail to see how that case supports the appellants' argument.

Appellants cite only two authorities in support of their argument that the district

court misinterpreted and misapplied the seatbelt gag rule. Neither case persuades us that the legislative intent of the statute is to do anything other than what the plain language states, namely, to prohibit evidence of seatbelt use or nonuse in motor-vehicle-accident litigation.

Although it might be argued that the law unfairly prevents a person allegedly injured by a seatbelt from proving the cause of the injury, the result is not absurd if the legislature purposely created the restriction on that proof. It is indisputable that the legislature has the power to create and to limit rights. Limitations can sometimes be criticized as being unfair. The appellants have plausibly shown that the seatbelt gag rule can be unfair when applied in certain circumstances. But they have failed to show that the restriction was not within the purpose of the law.

The conclusion that the legislature intended precisely what the plain language of the statute provides is fortified by the fact that the legislature amended the statute in 1999 to include a products-liability exception but did not in any way alter the prohibition on proof of the use or nonuse of a seatbelt in ordinary motor-vehicle personal-injury litigation. *See* 1999 Minn. Laws ch. 106, § 1, at 378. The appellants' cited authorities, *Lind* and *Olson,* had been decided before the 1999 amendment, and presumably the legislature was aware of the issue regarding the legislative intent of the prohibition when it amended the statute.

In addition to *Lind* and *Olson,* Minnesota courts have consistently applied the plain language of the seatbelt gag rule in motor-vehicle personal-injury litigation against both plaintiffs and defendants. *See Anker,* 541 N.W.2d at 340 (holding that evidence of seatbelt-restraint-system failure is not admissible against vehicle manufacturers); *Swelbar v. Lahti,* 473

N.W.2d 77, 79 (Minn.App.1991) (holding that evidence of use of child-restraint system not admissible as defense against wrongful-death claim); and *Marsden,* 589 N.W.2d at 807 (holding that seatbelt evidence is not admissible in breach-of-contract claim). In *Anker* and *Marsden,* we suggested that the application of the plain language of the statute produced a troubling result, but we found no basis for concluding that the result was unintended or was absurd.

## DECISION

Because the appellants' evidence of the use of a seatbelt as causing injury falls squarely within the plain meaning of Minn. Stat. § 169.685, subd. 4(a) (2004), the district court did not err in applying the statute so as to preclude the introduction of such evidence at trial. Nor did the court err in treating the evidentiary issue as dispositive and granting summary judgment dismissing the action.

**Affirmed.**